UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| ROBERT J. LUMPKIN, | ) | CASE NO. C09-1519-RAJ |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| DOUG WADDINGTON, et al. | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Robert J. Lumpkin proceeds *pro se* and in forma pauperis in this 28 U.S.C. § 2254 habeas action.   He seeks to challenge his conviction for felony violation of a court order – domestic violence.   (Dkt. 1-2; Dkt. 9; Dkt. 18, Ex. 1.)   However, as argued by respondents, the habeas petition is subject to dismissal due to petitioner's failure to exhaust his state remedies.   (Dkts. 16 & 18.)

The Court cannot grant a writ of habeas corpus unless a petitioner demonstrates that he is in custody in violation of federal law and that the highest state court decision rejecting his grounds for relief was either "contrary to, or involved an unreasonable application of, clearly

established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(a) and (d)(1).  "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State."  § 2254(b)(1)(A). To exhaust state remedies, a petitioner must present each of his claims to the state's highest court.  *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1993).  *See also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, [] state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.")

  Here, it appears that petitioner had not yet proceeded to trial at the time he filed his amended petition.  (Dkt. 9 at 3.)  The record reveals that petitioner was subsequently convicted and sentenced in December 2009, shortly after he filed his amended petition.  (Dkt. 18, Ex. 1.)  He immediately thereafter filed his direct appeal with the Washington Court of Appeals.  (Id., Ex. 2.)  Petitioner did not submit any documentation to the Court contradicting or updating this information, and there is no basis for concluding he has completed one full round of the State's appellate review process.  Therefore, as argued by respondents, petitioner's claims remain unexhausted and should be denied.

  A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge.  A COA may issue only where a petitioner has made "a

REPORT AND RECOMMENDATION
PAGE -2

substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3).  A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).   Under this standard, the Court concludes that petitioner is not entitled to a COA with respect to his claims.

In sum, because it is apparent that petitioner has not fully exhausted his state remedies, his habeas petition should be DENIED and this case DISMISSED without prejudice.  A proposed order accompanies this Report and Recommendation.

DATED this 29th day of March, 2010.

/s/ Mary Alice Theiler
Mary Alice Theiler
United States Magistrate Judge